## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KATHRYNE ANNE KURTH, on behalf of herself and others similarly situated, | |
| Plaintiff, | Case No. _____ |
| v. | (Removed from the Circuit Court of Cook County, Illinois, Case No. 2018-CH-02994) |
| THE HERTZ CORPORATION, | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant The Hertz Corporation ("Hertz"), by and through its counsel, hereby gives notice of removal, pursuant to 28 U.S.C. §§ 1332, 1441, 1453, and 1446, from the Circuit Court of Cook County, Illinois, Case No. 2018-CH-02994, to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removal, Hertz states as follows:

## GROUNDS FOR REMOVAL

1.     This Court has original subject-matter jurisdiction over this civil action, which seeks relief on behalf of a putative nationwide class, based on diversity of citizenship under 28 U.S.C. § 1332(d). This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, for the reasons stated below.

## THE STATE COURT ACTION

2.     On March 6, 2018, plaintiff Kathryne Anne Kurth ("Plaintiff") filed a class-action Complaint against Hertz in the Circuit Court of Cook County, Illinois, Chancery Division, captioned *Kathryne Anne Kurth v. The Hertz Corporation*, Case No. 2018-CH-02994 ("State Court Action"). On March 20, 2018, Plaintiff served Hertz's registered agent with the Summons and

Complaint. Attached hereto as Exhibit A is a copy of the docket sheet, Summons, and Complaint in the State Court Action.

3.     Hertz is a car rental company. In the Complaint, Plaintiff asserts that she rented a vehicle from Hertz at its "corporate-owned rental facility at 401 North State Street, Chicago, Illinois" on four occasions between December 2017 and February 2018. Compl. ¶¶ 6-10. According to the Complaint, Hertz charged Plaintiff a 10% "Concession Fee Recovery" charge in connection with each of those rental transactions. *Id*. ¶¶ 7-10. Plaintiff claims that Hertz's North State Street location is "not at an airport or other such facility where [Hertz] would incur a concession fee." *Id*. ¶ 12.

4.     Plaintiff asserts that Hertz is liable for (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILSC 505/1 et seq.; (2) violation of the consumer protection statutes of 36 other states; and (3) unjust enrichment in all 50 states. *Id*. ¶¶ 22-43.

5.     Plaintiff purports to represent herself and a putative class comprising "[a]ll individuals who paid a 'concession fee recovery' charge at a Hertz, Dollar or Thrifty car rental facility where The Hertz Corporation incurs no concession fee." *Id.* ¶ 13.

6.     Plaintiff seeks monetary relief in the form of restitution, statutory damages, compensatory damages, treble damages, punitive damages, interest, attorneys' fees, expenses, and recoverable costs. *Id*. ¶¶ 39, 45(d)-(h), (k). Plaintiff also seeks injunctive relief, including that the court "[e]njoin and restrain Defendant and its officers and agents from continuing or engaging in similar conduct alleged herein." *Id*. ¶ 45(c)-(d).

## JURISDICTION

7.      This Court has original subject-matter jurisdiction over this civil action based on diversity of citizenship under 28 U.S.C. § 1332(d). This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

8.      Section 1441(a) authorizes removal of any civil action filed in state court where the United States District Court has original jurisdiction for such action. Section 1453 authorizes the removal of "class actions," as defined in 28 U.S.C. § 1332(d)(1), to federal court. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2), (5), and (6), which provide original jurisdiction over class actions in which the amount in controversy exceeds $5 million, exclusive of interest or costs; the proposed class includes at least 100 members; and any member of the putative plaintiff class is a citizen of a State different from any defendant.

### A.      Minimal Diversity of Citizenship

9.      Pursuant to 28 U.S.C. § 1332(d)(2)(A), the minimum diversity required for removal exists here because at least one member of the putative class is diverse from Defendant. Defendant Hertz is a Delaware corporation with its principal place of business in Florida. Plaintiff Kurth is a resident of Illinois. Compl. ¶ 4. The citizenship of the parties is therefore diverse.

### B.      More Than 100 Putative Class Members

10.     Pursuant to 28 U.S.C. § 1332(d)(5)(B), Plaintiff's putative class includes more than 100 alleged class members. From March 2013 through March 2018,[1] Hertz collected "Concession

---

[1] Plaintiff does not specify the putative class period for the putative class defined in her Complaint. Hertz assumes for purposes of this Notice of Removal that Plaintiff seeks classwide damages for at least five years prior to filing her Complaint, based on the five-year statute of limitations period for Plaintiff's unjust enrichment claim under Illinois law. *See Greenberg v. Broad Capital Assocs., Inc.*, No. 02-CV-6116, 2002 WL 31269617, at *3 (N.D. Ill. Oct. 9, 2002) (citing 735 ILCS 5/13-205).

Fee Recovery" charges from more than 100 persons. *See* Exhibit B, Declaration of Adam R. Schloss ("Schloss Decl.") ¶ 3.

**C.     More Than $5 Million Allegedly In Controversy**

11.     The amount in controversy exceeds $5 million, as required under 28 U.S.C. § 1332(d)(6). Although Hertz denies the allegations in the Complaint—including that this action is amenable to class treatment and that Plaintiff or the putative class is entitled to any relief—the allegations in the Complaint nevertheless put more than $5 million in controversy. From March 2013 through March 2018, Hertz collected more than $5 million in "Concession Fee Recovery" charges. Schloss Decl. ¶ 4.

12.     This amount does not include the statutory damages, compensatory damages, treble damages, punitive damages, injunctive relief, interest, attorneys' fees, expenses, or recoverable costs sought in the Complaint. *See* Compl. ¶¶ 39, 45(c)-(h), (k).

**D.     Class Action Definitional Requirements**

13.     Although Hertz denies the allegations in the Complaint—including that this action is amenable to class treatment and that Plaintiff or the putative class is entitled to any relief—this case also meets the definitional requirements for a class action as provided by 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a) and (b). For removal to be authorized by those provisions, the removed case must have been brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action. Plaintiff's State Court Action seeks certification under 735 ILCS 5/2-801, which is Illinois's class-action statute. *See* Compl. ¶ 13.

## VENUE

14.     This Court is the proper district court for removal because the Circuit Court of Cook County, Illinois, where the State Court Action was filed and is pending, is located within the United States District Court for the Northern District of Illinois, Eastern Division.  Accordingly, venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## TIMELINESS

15.     This removal is timely.  Plaintiff's Complaint was originally filed on March 6, 2018, and Hertz was served on March 20, 2018.  *See* Ex. A.  Defendant filed this Notice of Removal within the 30-day statutory time period set forth in 28 U.S.C. § 1446(b)(3).

## RECORD FROM THE STATE COURT ACTION

16.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and documents on file in the State Court Action, including Plaintiff's Complaint, are attached as Exhibit A.

## NOTICE EFFECTED

17.     Hertz concurrently is filing a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached as Exhibit C.

18.     In addition, Hertz concurrently is serving Plaintiff with a copy of this Notice of Removal and the Notice of Filing of Notice of Removal that will be filed with the Circuit Court of Cook County, Illinois.

## NO WAIVER

19.     By filing this Notice of Removal, Hertz does not waive any defenses available to it, including defenses based on standing and jurisdiction; does not waive any argument that

Plaintiff's claims or the claims of putative class members are subject to arbitration; and does not admit any of Plaintiff's material allegations, including allegations of wrongdoing, allegations concerning damages, or any class-action allegations.

## CONCLUSION

WHEREFORE, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441(a), 1446 and 1453, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1332, Hertz respectfully serves notice that the above-referenced State Court Action is hereby removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:  April 19, 2018

Respectfully Submitted:

By:  /s/ John F. Ward, Jr.

John F. Ward, Jr. (Illinois Bar No. 6208004)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jward@jenner.com

Michelle R. Singer*
Lauren J. Hartz*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Tel: (202) 639-6000
Fax: (202) 639-6066

*Counsel for Defendant*

**Pro hac vice* motion forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2018, a copy of this Notice of Removal was served via e-mail and first-class mail on the following counsel of record for Plaintiff:

Clinton A. Krislov
Kenneth T. Goldstein
Christopher M. Hack
KRISLOV & ASSOCIATES, LTD
20 North Wacker Drive, Suite 1300
Chicago, IL, 60606
(312) 606-0500

By: /s/ John F. Ward, Jr.
JOHN F. WARD, JR.